United States District Court CA 05 303ML
District of Massachusetts

DOCKETED

MICHAEL B. HANDIGRAN,

Plaintiff,

v.

TRAVIS & NATALIE, INC.,

Defendant.

Civil Action No.
04-12491-NMG

I hereby certify on 7-8-05 that the foregoing document is true and correct copy of the
☒ electronic docket in the captioned case
☐ electronically filed original filed on ______
☐ original filed in my office on ______
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Elizabeth E. Flaherty
Deputy Clerk

MEMORANDUM & ORDER

GORTON, J.

In the instant admiralty dispute, plaintiff, Michael B. Handigran ("Handigran") seeks damages for injuries suffered while aboard the F/V Travis & Natalie, a vessel owned by defendant, Travis & Natalie, Inc. ("Travis"). On February 1, 2005, Travis filed a motion to transfer venue to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). On May 5, 2005, a scheduling conference was held and the parties briefly addressed the matter orally. Plaintiff requested limited discovery before filing a written opposition and the Court granted him leave to take a three-hour deposition of the vessel's owner. Both parties subsequently filed memoranda in support of their positions.

Defendant argues that a transfer is appropriate pursuant to 28 U.S.C. § 1404(a) because the vessel, the witnesses and the parties all reside in Rhode Island. It also appears that Rhode

Island law will be applicable in this case. Finally, other than the fact that the defendant conducts business in Massachusetts, the Commonwealth has no interest in adjudicating this dispute.

Plaintiff responds that under Pure Oil Company v. Suarez, 384 U.S. 202 (1966) the plaintiff "is immune to the constriction of venue that § 1440(a) [sic] would place upon him" (emphasis in original).[1] He thus concludes that defendant's motion should be denied because "this court not only has personal jurisdiction over the defendant, but this venue and forum are proper". In other words, his argument appears to be that, under Pure Oil, transfer of venue under § 1404(a) is unavailable in Jones Act cases and, as a result, plaintiff's choice of venue, as long as jurisdiction is proper, is unimpeachable.

Plaintiff has conflated several legal rules. The Supreme Court in Pure Oil held that, under the Jones Act, venue is proper in any district where the defendant does business. Pure Oil, 384 U.S. at 205. As a result, more than one venue will often be proper. Pure Oil did not, however, suggest that, in choosing among proper alternatives, plaintiff's choice is inviolable. In reality, no such rule exists and Jones Act cases are routinely transferred under § 1404(a). E.g. Robertson v. M/V Cape Hunter, 979 F.Supp. 1105 (S.D.Tex. 1997)(transfer from Texas to

[1]It is presumed that plaintiff's citations to 28 U.S.C. § 1440(a) (which does not exist) were intended as citations to § 1404(a).

Louisiana); Biggers v. Borden, Inc., 475 F.Supp. 333 (E.D.Pa. 1979)(transfer from Pennsylvania to New Jersey); Bishop v. Ashland Oil, Inc., 394 F.Supp. 203 (W.D.Pa. 1975)(transfer from Pennsylvania to Kentucky).

In this case, it is undisputed that venue would be proper in either Massachusetts or Rhode Island but that does not end the inquiry. Considerations of convenience and efficiency weigh decisively in favor of transfer. As stated above, the parties, vessel and witnesses all reside in Rhode Island and the plaintiff admits that all depositions and discovery will take place there. Because the accident occurred in Rhode Island, the law of that state will likely apply. Finally, because this dispute is between Rhode Island residents, its courts have a far greater interest in adjudicating the dispute than does this Court. Plaintiff offers no reason why Massachusetts is a more convenient or preferable forum. Accordingly, this case will be transferred to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

**ORDER**

In accordance with the foregoing, defendant's motion to transfer (Docket No. 5) is **ALLOWED**. The Clerk of the Court shall transfer this case to the United States District Court for the District of Rhode Island. Plaintiff has requested oral argument but, under the circumstances, that request is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated July 7, 2005