UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 C.A. NO.: ______

| | | |
|---|---|---|
| MICHAEL B. HANDRIGAN, Plaintiff, | * | |
| v. | * | **COMPLAINT** |
| TRAVIS & NATALIE, INC., Owner of F/V TRAVIS & NATALIE, Defendants. | * | MAGISTRATE JUDGE MBB |

RECEIPT # ______
AMOUNT $ ______
SUMMONS ISSUED ______
LOCAL RULE 4.1 ______
WAIVER FORM ______
MCF ISSUED ______
BY DPTY. CLK. ______
DATE 11/24/04

## THE PARTIES

1. The plaintiff, Michael B. Handrigan, is an individual who resides in Narragansett, Rhode Island and at all times hereinafter referred to, was a commercial fisherman, serving as a member of the crew of the F/V TRAVIS & NATALIE.

2. The defendant, Travis & Natalie, Inc., owner of F/V TRAVIS & NATALIE, a duly organized corporation existing under the laws of the State of Rhode Island, and doing business in the Commonwealth of Massachusetts, and at all times hereinafter referred to, owned, operated and controlled the F/V TRAVIS & NATALIE and employed the plaintiff, Michael Handrigan.

## JURISDICTION

This is a case of maritime jurisdiction pursuant to 28 U.S.C. 1333(1).

## FACTUAL ALLEGATIONS

3. On or about May 4, 2004, the plaintiff was in the employ of the defendant as a seaman and member of the crew of the F/V TRAVIS & NATALIE. While

the F/V TRAVIS & NATALIE was in navigable waters and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

**COUNT I**
**(Jones Act)**

4. Paragraphs 1-3 are realleged and incorporated herein.

5. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault of the defendant, its agents, or servants, as follows:

a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

b) Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

c) Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

d) Failure and negligence of fellow employees;

e) Failure and negligence in other respects that will be shown at the trial.

6. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

7. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**REQUEST FOR RELIEF**

1. Under Count I, that this court enters judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

**COUNT II**
**General Maritime Law**
**(Unseaworthiness)**

8. Paragraphs 1-7 are realleged and incorporated herein.

9. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances, and/or equipment.

10. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

11. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

**REQUEST FOR RELIEF**

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

**COUNT III**
**(Maintenance and Cure)**

12. Paragraphs 1-11 are realleged and incorporated herein.

13. As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage.

**REQUEST FOR RELIEF**

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted
by his attorney,

David B. Kaplan

DAVID B. KAPLAN #258540
The Kaplan/Bond Group
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

Dated: 11/22/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) MICHAEL B. HANDRIGAN v. TRAVIS & NATALIE, INC., owner of F/V TRAVIS & NATALIE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

__ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

__ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

Also complete AO 120 or AO 121 for patent, trademark or copyright cases

X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

__ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

__ V. 150, 152, 153.

12491 MLG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

________________________________________

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES (NO)

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

(EASTERN DIVISION) CENTRAL DIVISION WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME DAVID B. KAPLAN, ESQUIRE

ADDRESS THE KAPLAN/BOND GROUP, 88 Black Falcon Avenue, St. 301 Boston, MA 02210

TELEPHONE NO. (617) 261-0080

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL B. HANDRIGAN

**DEFENDANTS**

TRAVIS & NATALIE, INC., owner of F/V TRAVIS & NATALIE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David B. Kaplan, Esquire (617) 261-0080
THE KAPLAN/BOND GROUP
88 Black Fallcon Avenue, Suite 301
Boston, MA 02210

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
XX 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

XX 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Maritime personall injury jurisdiction based on 28 U.S.C. 1333 (1)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: XX YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE None DOCKET NUMBER ______

DATE
November 22, 2004

SIGNATURE OF ATTORNEY OF RECORD
David B. Kaplan

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JRO:vc 37168 pleading\37168answer.wpd

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL B. HANDRIGAN,
Plaintiff,

v.

C.A. No.: 04-12491 -NMG

TRAVIS & NATALIE, INC.,
Owner of F/V TRAVIS & NATALIE,
Defendants,

## ANSWER OF DEFENDANT

### The Parties

1. Admit, that at certain times Michael B. Handrigan was an individual who served as a member of the crew of the F/V Travis and Natalie and deny the remaining allegations for lack of specificity.

2. Admit, that Travis and Natalie, Inc. owned F/V Travis and Natalie and is a Rhode Island Corporation. Deny the remainder of the allegations.

### Jurisdiction

No response is required.

3. The allegation is denied in several parts; that it is unknown at present whether on May 4, 2004, plaintiff was an employee of the defendant; whether Travis and Natalie was in navigable waters; it is denied that the plaintiff was in the exercise of due care and it is further denied that he sustained severe and painful personal injuries.

### COUNT I

4. Defenses to paragraphs 1 through 3 are repeated and incorporated by reference.

5. Denied.

6. Denied.

7. Admitted.

**REQUEST FOR RELIEF**

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

**COUNT II**

8. Defenses to paragraphs 1 through 7 are repeated and incorporated by reference.

9. Denied.

10. Denied.

11. Admitted.

**REQUEST FOR RELIEF**

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

**COUNT III**

12. Defenses to paragraphs 1 through 11 are repeated and incorporated by reference.

13. Denied.

**REQUEST FOR RELIEF**

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively pleads that if plaintiff was injured when and as described, it was due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care, skill and knowledge in the performance of his work reasonably required of a seaman of the plaintiff's experience and not due to any negligence, fault or unseaworthy condition on the part of the defendant or any person for whom defendant may be legally responsible.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### SECOND DEFENSE

Defendant affirmatively pleads lack of proximate cause between any act or negligence of the defendant or any of them, or any unseaworthy condition aboard the *F/V Travis and Natalie* and the alleged injuries claimed by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### THIRD DEFENSE

Defendant affirmatively pleads that if the injuries alleged were sustained, the plaintiff has not provided documentary medical proof of said injuries, that said injuries where incurred in the service of the vessel, or that the plaintiff's alleged medical treatment was not reimbursed or reimbursable, and that medical treatment was other than palliative.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### FOURTH DEFENSE

Defendant avers accord and satisfaction for all maintenance and cure properly submitted by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**FIFTH DEFENSE**

If injuries occurred to plaintiff they did not arise while plaintiff was in service of the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**SIXTH DEFENSE**

Defendant affirmatively pleads the defense of laches to plaintiff's claims.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**SEVENTH DEFENSE**

Plaintiff failed to timely report any injury to the captain before leaving the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**EIGHTH DEFENSE**

Defendant affirmatively pleads that if the injuries alleged were sustained, they did not occur while plaintiff was in the service of the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**NINTH DEFENSE**

The plaintiff failed to observe and employ a safe, alternative practice, thus, contributing to his own injury - if any.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**TENTH DEFENSE**

Defendant affirmatively pleads that if the plaintiff was injured as alleged, which is specifically denied, after such injury occurred, the plaintiff had been found fit for duty or service onboard the defendant's vessel, and the defendant owes no further duty or maintenance in cure to the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**ELEVENTH DEFENSE**

Defendant affirmatively pleads that plaintiff has failed to produce evidence of actual expenditures equivalent to room and board on the subject vessel, if any.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

**TWELFTH DEFENSE**

Defendant affirmatively pleads the plaintiff's wilful refusal to provide documentary evidence of his injury or treatment, failed to report or describe his preexisting conditions, failed to submit to examination or scrutiny of his medical claims for which he claims "cure", and non-cooperation in the description, reporting or submission of his claim.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

Defendant demands a trial by jury.

DEFENDANTS,
By their Attorney,

J. Renn Olenn by of 43111

J. Renn Olenn, Esq. #642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on December 23, 2004 to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210

Jeanne Colon