JRO:CLI:ljc 37168 \pleading\37168MTCResponses

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL B. HANDRIGAN | : | |
| | : | |
| VS. | : | C.A. NO. 05-303ML |
| | : | |
| TRAVIS & NATALIE, INC., Owner of F/V TRAVIS & NATALIE | : | |

**DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the defendant, Travis & Natalie, Inc., owner of *F/V Travis & Natalie*, and hereby moves to compel responses to request for production of documents propounded to the plaintiff, Michael B. Handrigan, on July 27, 2005, on or before twenty (20) days from the date of the Court Order. In support hereof, your defendant states that the plaintiff has not filed his responses in timely compliance with Federal Rule of Civil Procedure 33. A copy of the original request for production propounded is attached hereto.

No memorandum is required pursuant to local Rule 12(a)(1).

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I forwarded a true copy of the within on 3 · 14 · 06 to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210

JRO:CLI:kap 37168 pleading\37168rfp1.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL B. HANDRIGAN | : | |
| | : | |
| vs. | : | C.A. NO. 05-303ML |
| | : | |
| TRAVIS & NATALIE, INC.,<br>Owner of F/V TRAVIS & NATALIE | :<br>: | |

**DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF DATED JULY 27, 2005**

Defendant hereby requests plaintiff to provide true and accurate copies of the following documents on or before thirty (30) days from the date hereof.

1. All hospital, doctor and medical records of treatment or examination of the plaintiff not only related to each of the injuries alleged in the above case, but any other illnesses, injuries, examinations or treatments for a period of five (5) years prior to the date of each injury complained of in this case, and up to and through the date of trial.

2. All social security, disability, or other federal, state, or local government disability plan applications, notices of injury or claims submitted by the plaintiff, not only related to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

3. All correspondence between the plaintiff and any employer concerning a physical injury and/or work related illness sustained by the plaintiff, not only to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

4. All documents showing actual payment of medical care, food and lodging during the period from your injury until reaching maximum medical improvement.

5. All plaintiff's income tax returns and social security records of earnings and income for a period of five (5) years prior to the date of each of the alleged injuries in this action and up to the date of trial, including authorizations for defendant's counsel to obtain

19

such records from the Internal Revenue Service or other appropriate governmental agency.

6. All medical bills in connection with each of the plaintiff's alleged injury(ies).

7. All United States Coast Guard reports in connection with each of the plaintiff's alleged incidents or accidents which produced each of his injuries.

8. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of any of his injuries.

9. All vocational evaluations and test results concerning the plaintiff.

10. All rehabilitation records and evaluations concerning the plaintiff.

11. All physical therapy evaluations and records concerning the plaintiff.

12. All pain management records and evaluations concerning the plaintiff.

13. All documents referred to in answering the defendant's interrogatories.

14. The original of each receipt of an expenditure by plaintiff for all maintenance and the original of each receipt of an expenditure by plaintiff for cure.

15. A list of publications authored or co-authored by the experts identified in the plaintiff's answers to interrogatories.

16. All curriculum vitaes and resumes of the experts identified in the plaintiff's answers to interrogatories.

17. All driver's licenses belonging to the plaintiff.

18. All Department of Welfare identification cards issued to the plaintiff.

19. All criminal records of the plaintiff.

20. All parole records of the plaintiff.

21. All probation records of the plaintiff.

22. All business cards bearing the plaintiff's name or the name of his business.

23. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

24. All records concerning plaintiff's claim(s) for unemployment compensation or temporary disability payments.

25. All records concerning plaintiff's claim(s) for social security disability.

26. All financial aid applications submitted by the plaintiff.

27. All welfare applications submitted by the plaintiff.

28. All documents concerning partnerships in which the plaintiff is a participant.

29. All records concerning corporations in which the plaintiff is an officer or director.

30. All correspondence between the plaintiff and any third party concerning each of the injuries which are the subject matter of this litigation.

31. All personal logs, notes, diaries or other writings kept by the plaintiff which refer to each of the injuries which are the subject matter of this litigation and/or refers to plaintiff's income or earnings affected by each injury.

32. All expert reports, including all data and materials used by the expert to arrive at his opinions concerning the subject matter of this litigation.

33. All signed and/or unsigned statement or statements recorded by mechanical and/or electronic means of any crew member or other person which relates to or refers to each physical injury which are the subject matter of this litigation.

34. All photographs and video-recordings of the vessel, the site of each of the injuries, the plaintiff, or other items relevant to the subject matter of this litigation.

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

36. All audio and visual representations and/or recordings concerning the subject matter of this litigation.

37. Any and all accident and incident reports filed with the Coast Guard, harbor patrol, and/or other government agencies.

38. A copy of each and every report filed with the captain or Workers' Compensation carrier referring or relating to a First Report of Injury as a result of this accident.

DEFENDANTS,
By their Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on July 29, 2005 to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210

Kendra Pascucci